**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 12-00401 VAP (SPx)                              Date:  March 28, 2012

Title:     DEUTSCHE BANK NATIONAL TRUST, AS INDENTURE TRUSTEE, FOR NEW CENTURY HOME EQUITY TRUST -v- JOSE I. GARCIA; DOES 1-10
===============================================================
PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

   On September 23, 2011, Plaintiff Deutsche Bank National Trust Company ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Jose I. Garcia ("Defendant") in the California Superior Court for the Riverside.  (See Not. of Removal.)  On March 19, 2012, Defendant removed the action on the basis of this Court's jurisdiction over cases implicating civil rights, 28 U.S.C. § 1443.  (See Not. of Removal at 2-5.)

   Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                          Page 1

EDCV 12-00401 VAP (SPx)
DEUTSCHE BANK NATIONAL TRUST, ETC. v. JOSE I. GARCIA; DOES 1-10
MINUTE ORDER of March 28, 2012

Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

     Defendant mentions that removal is proper under 28 U.S.C. § 1443(1) because "the actions of Counsel for Plaintiff, and the State Court deprives [sic] Defendant of due process of law in that he has been dispossessed of his property, in noncompliance with the express language of [California Code of Civil Procedure 128.7]." (Not. of Removal at 4-5.) Even construing Defendant's Notice of Removal liberally, the Court finds Defendant fails to establish that this Court has jurisdiction under 28 U.S.C. § 1443(1), which allows a defendant to remove certain civil actions involving civil rights from state court to federal court.

     In order to remove a case under 28 U.S.C. § 1443(1), Defendant must satisfy a two-pronged test: (1) "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality"; and (2) "it must appear . . . that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Defendant fails to satisfy either prong here. Defendant fails to allege that he is a member of any racial group or that he has been denied any specific civil right, let alone that he has been denied any civil right stated in terms of racial equality. Moreover, Defendant fails to allege that he has been denied any civil right that he cannot enforce in California courts.

     "If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order

EDCV 12-00401 VAP (SPx)
DEUTSCHE BANK NATIONAL TRUST, ETC. v. JOSE I. GARCIA; DOES 1-10
MINUTE ORDER of March 28, 2012

for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met his burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Accordingly, the Court REMANDS this action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**